UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELSIE M. MAYARD,                                           CIVIL NO. 05-1058 (RHK/JSM)

      Plaintiff,

v.                                                       REPORT AND RECOMMENDATION

ROBERT A. DILDINE and
GARY B. CRAWFORD,

      Defendants.

The above matter came before the undersigned United States Magistrate Judge upon defendants' Motion to Dismiss under Rule 12 [Docket No. 10] and plaintiff's Motion for Summary Judgment [Docket No. 19].[1]  Plaintiff appeared pro se and Robert Dildine, Esq. appeared on behalf of defendants.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b).

## I.    FACTUAL BACKGROUND

### A.    Previous Action filed by Plaintiff Against Defendants

On February 12, 2003, plaintiff, Elsie Mayard, filed a Complaint in Hennepin County District Court, which was subsequently transferred to Ramsey County District Court.  See Def.'s Ex. D.  In the Complaint, plaintiff alleged that she had secured a

---

[1]    Plaintiff's Motion for Summary Judgment is in actuality a part of her opposition to defendant's Motion to Dismiss, and will be treated as such by this Court.  However, to the extent that plaintiff is seeking summary judgment, that motion should denied as she has not provided this Court with any basis as to why this Court should grant judgment in her favor, and because such a motion is premature, given that defendants have yet to file an answer in this matter.

mortgage for the house she had purchased, and that the mortgage was subsequently sold by Bank of America to Aurora Loan Services.  Id., ¶ 1.  Aurora Loan Services proceeded with foreclosure.  Id.  Plaintiff then asserted that defendant Robert Dildine ("Dildine"), an attorney who had represented her in immigration matters, made a loan to plaintiff for $68,000, which was in violation of Rule 1.8 and 8.4 of the Minnesota Rules of Professional Conduct.  Id., ¶ 2.  Plaintiff claimed that Dildine represented that the loan to her was without interest, and that he asked plaintiff to help him pay his back taxes using the proceeds from plaintiff's gas station.  Id., ¶ 3.  Dildine then allegedly had plaintiff sign a promissory note that included a provision for 12% interest to be charged against plaintiff.  Id.  Plaintiff also alleged that Dildine attempted to have her sign a document giving him the power of attorney to collect money from her business that related to stolen gas, and also asked plaintiff to sign a document making him the owner of her house.  Id., ¶ 4.  Dildine then, with the help of another attorney, allegedly attempted to foreclose on plaintiff's mortgage.  Id., ¶ 5.  According to plaintiff, this forced her to file for bankruptcy and caused her to suffer emotional distress.  Id.  Plaintiff asked for the attorney's fees related to having to file for bankruptcy, and damages for emotional distress.

On May 9, 2003, plaintiff filed another Complaint in Hennepin County District Court, which again was subsequently transferred to Ramsey County District Court.  See Def.'s Ex. C.  This Complaint was virtually identical to the February 12, 2003 Complaint, and appears to be an attempt to amend her first Complaint.[2]  The only major additions were that plaintiff added Gary Crawford ("Crawford"), as a defendant, and she asked that

---

[2]     Both cases were assigned the same file number by Hennepin County District Court, Court File No. 03-2599.

defendants be stopped from threatening to foreclose on her house and threatening injury and loss to her person.

On May 26, 2004, Ramsey County District Judge Judith Tilsen granted summary judgment in favor of defendants.   See Def.'s Ex. B.   The judge found that plaintiff's Complaints contained no facts that would support a claim against Crawford, and that the evidence did not support plaintiff's claims against Dildine.   Id.   On May 10, 2005, the Minnesota Court of Appeals dismissed plaintiff's appeal of the district court's decision as untimely.   See Def.'s Ex. A.   The Minnesota Court of Appeals also noted that the District Court had denied plaintiff's motion for leave to proceed in forma pauperis on appeal on the grounds that the appeal was frivolous.   Id. at p. 3.

**B.   Allegations Contained in Plaintiff's Present Complaint**

In the present Complaint, plaintiff alleged that she had secured a mortgage for the house she had purchased, and that the Bank of America subsequently sold the mortgage to Aurora Loan Services.   See Complaint, ¶¶ 1-2.   Aurora Loan Services then proceeded with foreclosure.   Id., ¶¶ 2-3.   According to plaintiff, Dildine, who was her attorney, loaned her $68,000 on October 3, 2000.   Id., ¶ 4.   Plaintiff alleges that Dildine intentionally misled her, attempting to get her to sign a note for $68,000 at 12% interest and placing her house in his name.   Id.   Plaintiff asserts that as a result of Dildine's representation, Dildine gave plaintiff's house to his friend, Crawford, and forced plaintiff to pay $116,000, which resulted in defendants depriving her of her house and money. Id.   It is plaintiff's position, that defendants acted under the color of state law to violate her constitutional rights in violation of 42 U.S.C. § 1983.   Id.

Plaintiff also alleged that the defendants, two white lawyers, took her 16 year old daughter, and as such, deprived her of her right to equal protection under the Fourteenth Amendment to the Constitution due to her race in violation of 42 U.S.C. § 1981.  <u>Id.</u>, ¶ 5.  It is also plaintiff's position that the state district court acted with prejudice against her in favor of defendants, two white lawyers.  <u>Id.</u>  Given this prejudice, defendants, acting under the color of state law, violated plaintiff's constitutional rights under the Fourteenth Amendment and violated her Due Process rights and Fourth Amendment rights by taking her property.  <u>Id.</u>  The reason plaintiff gave for defendants acting under the color of state law, was that they obtained significant aid from a state official and claims that defendants violated unnamed Rules 1.9 and Rule 4.4.  <u>Id.</u>, ¶ 6.  Plaintiff also alleged that defendants violated unnamed Rule 8.4 and Rule 1.8 by giving plaintiff a loan, which is a conflict of interest.  <u>Id.</u>, ¶ 7.  Finally, plaintiff alleged that defendants breached their fiduciary duty to her by drafting a will in which they were named beneficiaries.  <u>Id.</u>

Plaintiff has asked for monetary damages in excess of $75,000 and to "[r]everse false document the defendant give plaintiff to sign to take her daughter."  Complaint, at p. 4.

### C.   Summary of Defendants' Argument

Defendants argue that plaintiff's Complaint should be dismissed as the subject matter and allegations in the Complaint before this Court are the same as those previously dealt with by a Minnesota state court.  <u>See</u> Defendants' Memorandum ("Def.'s Mem.") at p. 2.  To the extent that the allegations differ between the federal and state complaint, defendants further argued that there was no reason why any of the allegations could not have been asserted in the previously dismissed Minnesota state

4

court action.  Id.  Defendants therefore maintain that plaintiff's federal action is seeking to relitigate matters that have already been decided by state court and is precluded by the doctrine of res judicata.  Id. at p. 3.  This Court also notes that defendants assert that plaintiff's Complaint is an "inarticulate jumble of innuendo. . . ."  Id.

## II.    DISCUSSION

### A.    Standard of Review

Defendants have brought a claim for dismissal under Rule 12 of the Federal Rules of Civil Procedure for a lack of subject matter jurisdiction. A defendant may move to dismiss based upon lack of subject matter jurisdiction by either challenging the face of the complaint or the truthfulness of the factual averments made therein.  See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993); Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990). In a facial challenge, all of the factual allegations contained in the complaint are presumed to be true.  See Titus, 4 F.3d at 593.  By contrast, in a factual challenge, "no presumptive truthfulness attaches to the plaintiff's allegations," and the plaintiff has the burden to prove that jurisdiction exists by a preponderance of the evidence.  Osborn, 918 F.2d at 730 (internal quotations omitted); see also Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969).  In this case, defendants, via their argument that this action is precluded by the doctrine of res judicata, are challenging the face of plaintiff's Complaint. Under such a challenge, "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  As such, similar to a 12(b)(6) context, this Court will limit its inquiry to the face of the Complaint and the state court proceedings, which are a matter of public record.  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) discussed below.

Defendants also argued that plaintiff's Complaint is an inarticulable, presumably in support of their claim that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).  See Def.'s Mem. at p. 3.  When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts must view the complaint in the light most favorable to the non-moving party and may dismiss the complaint only if no relief can be granted under any set of facts that could be proven consistently with the complaint's allegations.  Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers).  However, "the court need not accept, as true, wholly conclusory allegations, or unwarranted factual inferences. Moreover, in treating the factual allegations of a complaint as true, the court does not, however, blindly accept the legal conclusions drawn by the pleader from the facts." Helleloid v. Indep. Sch. Dist. Number 361, 149 F. Supp.2d 863, 867 (D. Minn. 2001).  To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims."  DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss under Rule 12(b)(6).  However, this does not mean that only the Complaint itself may be reviewed.  As the Court noted in Porous Media Corp:

> When considering a motion for judgment on the pleadings (or
> a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court
> generally must ignore materials outside the pleadings, but it
> may consider 'some materials that are part of the public

6

> record or do not contradict the complaint,' <u>Missouri ex rel.</u>
> <u>Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir.),
> <u>cert. denied</u>, __U.S.__, No. 98-1848, 1999 WL 319349 (U.S.
> June 24, 1999), as well as materials that are 'necessarily
> embraced by the pleadings.' <u>Piper Jaffray Cos. v. National</u>
> <u>Union Fire Ins. Co.</u>, 967 F. Supp. 1146, 1152 (D. Minn. 1997).
> <u>See also</u> 5A Charles Alan Wright & Arthur R. Miller, <u>Federal</u>
> <u>Practice and Procedure: Civil 2d</u> § 1357, at 199 (1990)(court
> may consider 'matters of public record, orders, items
> appearing in the record of the case, and exhibits attached to
> the complaint').

186 F.3d at 1079.

With these standards of review in mind, the Court now examines the allegations of plaintiff's Complaint against defendants.

### B.   Are Plaintiff's Claims Barred under the Doctrine of Res Judicata?

Defendants assert that plaintiff's Complaint is attempting to relitigate a matter that has already been decided or could have been decided in state court, and is therefore precluded by the doctrine of res judicata.   A federal court must accord to a state law judgment the same effect it would be given in the state court that rendered the initial decision.   <u>See</u> <u>Pauluccci v. City of Duluth</u>, 826 F.2d 780, 784 (8th Cir. 1987) (citation omitted).   As such, this Court must look to Minnesota law to determine the effect of a prior state action between parties would be given by Minnesota courts.   <u>Id.</u>   Minnesota courts have explained the doctrine of res judicata under state law as follows:

> A judgment on the merits constitutes an absolute bar to a
> second suit for the same cause of action, and is conclusive
> between parties and privies, not only as to every other matter
> which was actually litigated, <u>but also as to every matter which</u>
> <u>might have been litigated therein</u>.

<u>Pauluccci</u>, 826 F.2d at 784 (emphasis added) (quoting <u>Mattsen v. Packman</u>, 358 N.W.2d 48, 49 (Minn.1984)).   "The cause of action is the same when it involves the same set of

factual circumstances or when the same evidence will sustain both actions." Fearing v. City of Lake St. Croix Beach, No. Civ. 04-5127 (JNE/SRN), 2006 WL 695548 at *5-6 (D. Minn. March 17, 2006) (quoting Beutz v. A.O. Smith Harvestore Prods., Inc., 431 N.W.2d 528, 533 (Minn. 1988); see also Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004) (in order for res judicata to bar a claim, the earlier claim must involve the same set of factual circumstances).  In addition, for the doctrine of res judicata to apply, there needs to be judgment on the merits, the claims must involve the same parties or their privies, and the plaintiff must have had a full and fair opportunity to litigate the matter in the prior proceeding.  Nelson v. Am. Family Ins. Group, 651 N.W.2d 499, 511 (Minn. 2002).

The factual predicate underlying plaintiff's previous state complaints were based on plaintiff's assertions that the mortgage on her house was foreclosed by Aurora Loan Services, and that Dildine gave plaintiff a $68,000 loan, made her pay 12% interest to him on the loan, had her sign a document making him the owner of the house, and then defendants deprived plaintiff of her home.  In the present action, plaintiff asserts that Aurora Loan Services proceeded to foreclose on her house, that Dildine gave her a $68,000 loan, made plaintiff pay 12% interest on the loan, had her sign a document making him the owner of the house, and then deprived her home by giving it to Crawford.  Having already had an opportunity to address the merits of her claim that defendants illegally deprived her of her home at the state court level, plaintiff cannot pursue these same defendants on the same cause of action in federal court.  In addition, while plaintiff's 42 U.S.C. §§ 1981, 1983, and breach of fiduciary duty claims (see Complaint ¶¶ 4-7) were not raised in her state complaints, these claims are all part and parcel of the

8

same set of factual circumstances that was at issue in the state litigation – that defendants deprived plaintiff of her house.  Further, the claims at the state and federal levels involve the same parties, the state district court issued a judgment on the merits regarding defendants' alleged attempt to take plaintiff's house, and plaintiff had a full and fair opportunity to litigate her case at the state level.  As such, the claims set forth in paragraphs 1-4 and 7 of the Complaint are barred by the doctrine of res judicata. Accordingly, this Court recommends that the claims set forth paragraphs 1-4 and 7 of the Complaint be dismissed.

As to Paragraphs 5 and 6 of the present Complaint, these paragraphs allege that defendants violated 42 U.S.C. § 1981 by taking her daughter and that defendants acted under the color of state law with the state court handling her previous case, to deprive her of her home in violation of her right to due process and those rights afforded to her under the Fourteenth Amendment.  The claim that defendants took plaintiff's daughter and the alleged involvement by the state court were not at issue in state court action. Further, it would have been impossible to address the merits of her claim that defendants received assistance from the state court during the underlying state action.  As such, paragraphs 5 and 6 of the Complaint are not barred by the doctrine of res judicata, and should not be dismissed on that basis.

**C.   Has Plaintiff Stated a Claim for Relief in Paragraphs 5 and 6 of the Complaint?**

Having concluded that the claims in paragraphs 5 and 6 of the Complaint are not barred by the doctrine of res judicata does not end the matter.  This Court must still address defendants' contention that paragraphs 5 and 6 do not state a viable claim for

relief.   As stated previously, defendants assert that plaintiff's Complaint should be dismissed on the basis that it fails to state a claim for relief because it is an "inarticulate jumble of innuendo. . . ."   See Def.'s Mem. at p. 3.   Plaintiff asserts that defendants violated 42 U.S.C. § 1981 because they took her daughter and she now seeks to reverse a document giving custody to an unidentified defendant.   See Complaint, ¶ 5; Prayer for Relief.   Section 1981 provides, in pertinent part, that all persons "shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).[3]   The elements of a claim under § 1981 include: "(1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity (i.e., the making and enforcement of contracts)."   Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004) (citing Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004)).   There is no statement in plaintiff's Complaint that defendants took her daughter because of her race or that they interfered with any protected activity.   As such, this Court recommends dismissal of plaintiff's § 1981 claim that defendants illegally took her daughter.

Additionally, plaintiff alleged a § 1981 claim against defendants based on her assertion that defendants, acting under the color of state law, conspired with the state district court to deprive her of her property.   See Complaint, ¶ 5.   According to plaintiff, defendants were acting under state law because they received significant aid from a state official.   Id.

---

[3]   Plaintiff did not specify which subparagraph of § 1981 she was seeking relief under.  However, the only possible subparagraph that possibly could apply is § 1981(a).

As a preliminary matter, this Court notes that § 1981 does not require defendants to be acting under the color of state law in order to be liable under this statute. Nevertheless, plaintiff's § 1981 conspiracy claim fails because § 1981 protects against intentional discrimination and not conspiracies; it is 42 U.S.C. § 1985 which prohibits conspiracies interfering with civil rights.   See, e.g., Edwards v. Galveston-Texas City Pilots, 203 F. Supp.2d 759, 767 (S.D. Tex. 2002) ("Section 1981 prohibits racial discrimination in the making and enforcement of contracts. Section 1985 prohibits conspiracies to violate rights independently protected by the laws and the Constitution."). As such, plaintiff has not stated a claim under § 1981, as a matter of law, for which relief can be granted.   See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added) ("Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:   the complaint must allege facts, which if true, state a claim as a matter of law.") (emphasis added).[4]   On that basis, this Court recommends dismissal of paragraphs 5 and 6 of the Complaint.

---

[4]     Plaintiff has also asserted in her Complaint, in connection with her claim that defendants deprived her of her home, that defendants violated 42 U.S.C. § 1983, as they were "clothed with the authority of state law." Id., ¶ 4. In fact, plaintiff asserts in her Memorandum of Law in Opposition to Defendants' Motion to Dismiss that her suit is based on defendants' violation of § 1983.   See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl.'s Mem.") at p. 1.   Section 1983 requires a violation of a constitutional right or federal law by a state actor. See Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001) (citation omitted).   The defendants, as private attorneys, may be liable under § 1983 only if they are "'a willing participant in joint action with the State or its agents.'"   Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997) (quoting Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (quotations and citations omitted)). "In construing that test in terms of the allegations necessary to survive a motion to dismiss, [the Eighth Circuit] has held that a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor."

Plaintiff also claimed that defendants breached their fiduciary duty to her by drafting a will in which they were named beneficiaries.[5]  See Complaint, ¶ 7.  This remaining claim is a state law claim.  As this Court is recommending dismissal of all of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over this remaining state claim.  See Russell v. Hennepin County, No. 03-4889 (PAM/RLE), 2004 WL 2370681, at *3 (D. Minn. Oct. 08, 2004) (citing 28 U.S.C. § 1367(c)(3)); see also Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990) (finding that courts should "exercise judicial restraint and avoid state law issues wherever possible.").

## RECOMMENDATION

For the reasons set forth above and based on all the files, records, and

---

Id.  Even if this Court had not recommended dismissal of plaintiff's claims that defendants had illegally deprived her of her home based on the doctrine of res judicata, this Court would have recommended dismissal of any such claim based on § 1983 because plaintiff did not allege that there was a meeting of the minds or a mutual understanding between the defendants and the state court that initially heard her case. This Court also questions whether plaintiff could have implicated the state district court in this case, as the Eleventh Amendment of the Constitution bars claims against a state department unless it has consented to such a suit.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54-55 (1996); Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238-40 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

[5]     This Court notes that after this claim, the words "Emotional Distress. Equal Protection," appeared.  From this language, the Court cannot determine if plaintiff is claming that by drafting a will in which defendants were named as beneficiaries, that defendants somehow violated plaintiff's right to equal protection.  However, even if plaintiff had made such a claim, it would fail.  First, a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."  Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996) (citation omitted).  Second, in order to make out an equal protection claim, plaintiff must allege different treatment of similarly situated individuals.  See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994).  Here, plaintiff has alleged no facts in the Complaint to support an equal protection claim.  See DuBois, 276 F.3d at 1022 (finding that to avoid dismissal

proceedings herein, IT IS RECOMMENDED that:

1.      Defendants' Motion to Dismiss [Docket No. 10] be **GRANTED** and the

Complaint be **DISMISSED WITH PREJUDICE**; and

2.      Plaintiff's Motion for Summary Judgment be **DENIED** as moot [Docket No.

19].

Dated:  June 1, 2006

                              s/ *Janie S. Mayeron*
                              JANIE S. MAYERON
                              United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 19, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 19, 2006**.

---

under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims.").